UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VALUERx, Inc., a Delaware corporation, and
VALUERx PHARMACY PROGRAM, INC.,
a Michigan corporation,

        Plaintiffs,

     vs.                                                                                                                                                                                  No. CIV 99-0323 JC/LCS

OPERATING ENGINEERS HEALTH AND
WELFARE FUND,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Plaintiffs' Motion to Remand, filed May 10, 1999 *(Doc. 9)*. The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities. The Court finds that Plaintiffs' motion is well taken and will be granted.

Defendant, Operating Engineers Health and Welfare Fund (the "Fund"), is an employee welfare benefit plan as defined under the Employee Retirement Income Security Act of 1974 ("ERISA"). The Fund was created as part of a collective bargaining agreement between the International Union of Operating Engineers, Local Union No. 12 and a number of employers in the southern California/Nevada construction industry. The Fund operates as an express labor/management fringe benefit trust and has several dozen employer/union trustees.

Plaintiffs originally filed this action in the Second Judicial District, County of Bernalillo, State of New Mexico. Defendant removed the action on March 25, 1999 claiming diversity of citizenship

jurisdiction. Plaintiffs now argue the case should be remanded because Defendant has failed to show diversity.

Under *Carden v. Arkoma Associates*, 494 U.S. 185 (1990), "diversify jurisdiction in a suit by or against [an artificial entity] depends on the citizenship of [each of the members of the entity.]" *Carden*, 494 U.S. at 195-6. In this case, Defendant has not identified the citizenship of the members of the Fund. Instead, Defendant has relied on *Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365 (10th Cir. 1998) for the proposition that diversity determinations for ERISA plans are free of the rule in *Carden*. Defendant argues *Lenon* calls for ERISA plan citizenship determinations to be accomplished by looking at the citizenship of the trustees of the plan, instead of the citizenship of the actual members.

I find *Lenon* distinguishable. The court in *Lenon* specifically recognized the continuing applicability of *Carden* and the limited nature of its holding. *See Lenon*, 136 F.3d at 1371 ("Were the ERISA plans . . . the named plaintiffs, . . . reliance on *Carden* might be justified."). Since the Fund is the named Defendant in this case, the real interest lies with the actual members of the Fund; the citizenship of the trustees is irrelevant, and the policy reasons for allowing trustees to sue or be sued are absent. Consequently, *Lenon* carries the day. When trustees of an ERISA plan are not the named parties, the citizenship of the entire plan must be considered for diversity purposes.

Wherefore,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand, filed May 10, 1999 *(Doc. 9)*, is **granted**. This matter is remanded to the Second Judicial District, County of Bernalillo, State of New Mexico.

DATED this 27th day of May, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiffs: | Charles J. Vigil |
| | Jeffrey L. Lowry |
| | Rodey, Dickason, Sloan, Akin & Robb, P.A. |
| | Albuquerque, New Mexico |
| Counsel for Defendant: | William G. Walker |
| | Walker & Van Heijenoort, P.C. |
| | Albuquerque, New Mexico |
| | |
| | Warren Snider |
| | Laquer, Urban, Clifford & Hodge, LLP |
| | Pasadena, California |